IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CARLOS M. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV988 |
| | ) | |
| C/O COURTNEY OXEDINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff's Motion for Voluntary Dismissal without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Docket Entry 17.) Defendants did not file a response. For the reasons set forth below, the Court recommends that Plaintiff's motion be granted and that this action be dismissed without prejudice.

Plaintiff, a prisoner and pro se litigant, filed his Complaint seeking damages against Defendants for being wrongfully reprimanded for committing a sex act. (Compl. ¶ V, Docket Entry 2.) Plaintiff states that for medical reasons he started taking stool softeners and laxatives two weeks to a month before this incident. (*Id.*) Plaintiff states that while he was defecating, Defendants, who are female corrections officers, observed him through his cell window. (*Id.*) Defendants saw Plaintiff's buttocks while he was trying to relieve himself. (*Id.*) Plaintiff further alleges that this event caused him to be reprimanded. (*Id.*) Plaintiff claims that being reprimanded harmed him by preventing him from using his medication that was helping to ease his stool. (*Id.*) Plaintiff also alleges that he would have to hold his stool until nighttime to prevent the female officers from observing him defecate. (*Id.* ¶ at VI.) Plaintiff claims that holding his stool caused him to endure heavy bleeding and serious pain. (*Id.*) Defendants

Courtney Oxendine and Pamela J. Locklear filed an Answer to the Complaint on March 1, 2016. (Docket Entry 16.)

On March 21, 2016, Plaintiff filed the Motion for a Voluntary Dismissal without Prejudice. (Docket Entry 17.) Plaintiff states that he is "not qualified nor do[es] [he] have the 'skills' or knowledge to properly defend [himself]." (*Id.*) Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court may grant Plaintiff's motion to dismiss an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Under this rule, the Court considers factors such as "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008) (per curiam) (unpublished) (citations and quotations omitted). At this early stage of litigation, the Court finds that these factors weigh in favor of Plaintiff. Therefore, Plaintiffs motion should be granted.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Voluntary Dismissal (Docket Entry 17) be **GRANTED.**

In light of this Recommendation, **IT IS ORDERED** that Plaintiff's pending motions (Docket Entries 8, 14) are **DENIED** as moot.

Joe L. Webster
United States Magistrate Judge

March 30, 2016
Durham, North Carolina